

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

Nos. 06-13-00234-CR,
06-13-00235-CR,
06-13-00236-CR,
06-13-00237-CR,
06-13-00238-CR,
06-13-00239-CR,
06-13-00240-CR,
06-13-00241-CR, &
06-13-00242-CR

LINDA KAY PHARIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Parker County, Texas
Trial Court Nos. CCL1-11-0739, CC1-11-0774, CC1-11-0775, CC1-11-0776,
CC1-11-0777, CC1-11-0778, CC1-11-0779, CC1-11-0780, CCL1-11-0781

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

Court reporter K.C. DeBusk recorded the trial court proceedings in appellate cause numbers 06-13-00234-CR through 06-13-00242-CR, all styled *Linda Kay Pharis v. The State of Texas* and tried in the County Court at Law No. 2 of Parker County under trial court cause numbers CCL1-11-0739 and CCL1-11-0774 through CCL-11-0781. The reporter's record was originally due October 28, 2013. DeBusk filed a request on November 14 for an extension of the filing deadline, which we granted, extending the deadline to November 27, 2013. We informed DeBusk when we granted the first extension request that no more extensions will be granted. Nonetheless, DeBusk has now filed a second request seeking more time to prepare the record (estimated at 250 pages) in these appeals.

The Texas Rules of Appellate Procedure establish that "trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed." TEX. R. APP. P. 35.3(c). The Rules further instruct that an "appellate court may enter any order necessary to ensure the timely filing of the appellate record." *Id.* In furtherance of our responsibilities established by the Rules, we find we must take steps to ensure the filing of the record in this case.

We overrule DeBusk's second request for an extension of time and order DeBusk to file the reporter's record in cause numbers 06-13-00234-CR through 06-13-00242-CR with this Court on or before Friday, December 27, 2013.

If the record is not received by December 27, we warn DeBusk that we may begin contempt proceedings and order her to show cause why she should not be held in contempt of this Court for failing to obey its order.

2

IT IS SO ORDERED.


                                    BY THE COURT

Date:   December 17, 2013